

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER OPINION

September 22, 2005

Aslan T. Soobzokov
1029 Main Street
PO Box 885
Patterson, New Jersey  07533
*Attorney for Petitioner*

Peter G. O'Mally
Office of the U.S. Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
*Attorney for Respondent*

      **Re:**    **Barushi  v. Gonzalez et al.,**
              **Civil Action No. 05-2719 (WJM)**

Dear Counsel:

      This matter comes before the Court on respondents' motion to dismiss petitioner's complaint for failure to state a claim or, in the alternative, summary judgment.  Petitioner, Lendina Barushi, petitioned this Court for a writ of mandamus to direct respondents to process her Refugee/Asylum Relative Petition (I-730), Application to Adjust Status (I-485), Work Authorization (I-765), and Refugee Travel Document (I-131) under the Administrative Procedure Act (5 U.S.C. § 551 *et seq*.) and the Madamus Act (28 U.S.C. § 1361).

**I.**    **Standard of Review**

      Fed. R. Civ. P. 12(b) states that if, on a Rule 12(b)(6) motion, "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."  Since adjudication of respondents' motion necessarily requires this Court to view matters outside the pleadings, it shall be treated as a motion for summary judgment.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *See* FED. R. CIV. P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See id.*; *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247-48. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *See id.*; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     Denial of Petitioner's Refugee/Asylum Relative Petition (I-730)

Petitioner claims that respondents failed to comply with § 555(b) of the Administrative Procedure Act ("APA"). This Court has jurisdiction to review agency actions under this section pursuant to § 706 of the APA.

Section 706(2)(A) requires a petitioner to demonstrate that respondents' actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). "When a party challenges an agency action as arbitrary and capricious, the reasonableness of the agency's actions is judged in accordance with its stated reasons." *Allegheny Def. Project, Inc. v. U.S. Forest Service*, No. 04-2442, U.S. App. LEXIS 19827, at *42 (3d. Cir. Sep. 15, 2005) (citation omitted). "Moreover, we can assess the facts and evidence of record; we cannot speculate about the agency's ulterior motives to an extent not supported by the record." *Id.* (citation omitted). Additionally, this court will assess factual determinations made by respondents under the substantial evidence standard. *Havrylenko v. A.G. of the United States*, No. 04-3144, 2005 U.S. App. LEXIS 19798, at *8 (3d Cir. Sep. 13 2005) ("Whether an applicant qualifies for asylum ... is generally a factual determination, which this court will review under the substantial evidence standard.")

The crux of whether the CIS improperly denied petitioner's application for asylum depends on whether petitioner was married to the principal applicant (i.e., petitioner's husband) at the time he received asylum. *See* 8 C.F.R. § 208.21(b). It was the burden of the petitioner's husband to prove that a marriage between him and petitioner existed at the time he received asylum. *See id.* at § 208.21(f). Petitioner's husband submitted to the CIS (then "INS") a "Certificate of Marriage" and attendant documents allegedly produced by the government of Tirana, Albania. The creation date of these documents was approximately one month *after* petitioner's husband received asylum. Furthermore, according to the CIS, the certificate appears to arbitrarily set petitioner's date of marriage as November 20, 1991. There is no corroborating evidence, besides petitioner's husband's own testimony that he and petitioner were married on that date, to support the date of marriage listed on the certificate.

The CIS afforded petitioner's husband an opportunity to respond. In his response, he provided a letter from an individual claiming to be employed by the city hall of Tirana, Albania, confirming the date of marriage as November 20, 1991. According to the CIS, this letter was not deemed credible because it referred to a marriage license, but contained no copy of such a document. The letter also did not state what position the signatory held, nor his qualifications in making the determination contained therein. The CIS also felt that the documents were not credible because petitioner had a history of saying that she was unmarried on immigration documents. Petitioner explained this pattern by saying that she "did not think she could marry a second time in the [United] States" and because "without proof of marriage, she filed as unmarried." The CIS felt that the explanation was mere pretext.

Under the very deferential standard of "substantial evidence," it would be inappropriate for this court to second-guess the credibility determinations of the CIS in processing petitioner's application, which found that the marriage certificate and attendant documents did not adequately set the date of marriage as occurring at or before petitioner's husband's receipt of asylum. Furthermore, based upon the CIS's factual determinations, this court cannot say that the CIS acted in an arbitrary or capricious manner in denying petitioner's I-730 application.

### III.     Denial of Application to Adjust Status (I-485), Work Authorization (I-765), and Refugee Travel Document (I-131)

Petitioner challenges the denial of her applications for Adjustment of Status (I-485), a Refugee Travel Document (I-131), and Work Authorization (I-765). Each of these applications, however, require the granting of petitioner's Refugee/Asylum Relative Petition (I-730). *See, respectively,* 8 C.F.R. §§ 209.2, 223.2(2)(b)(2), 208.21(c), and 274a.12(a). Therefore, since respondents' denial of petitioner's I-730 application was not arbitrary and capricious (*see supra* Part II), respondents were not arbitrary and capricious in denying petitioner's I-485, I-131, and I-765 applications.

### IV.     Availability of Mandamus Relief

Petitioner also asks this Court to use its mandamus jurisdiction to compel the CIS to process her various applications. "Mandamus is an extraordinary remedy available only if the plaintiff has exhausted all other avenues of relief and only if the defendants owe him a clear, non-discretionary duty." *Wakefield v. Barnhart*, No. 05-2133, 2005 U.S. App. LEXIS 19315, at *3 (3d Cir. Sep. 7, 2005) (citing *Ringer v. Heckler*, 466 U.S. 602, 616 (1984)). Asylum is a discretionary determination on the part of the INS. *Bakhtriger v. Elwood*, 360 F.3d 414, 417 (3d Cir. 2004). Therefore, this Court cannot grant petitioner's petition for a writ of mandamus regarding her Refugee/Asylum Relative Petition. Furthermore, this Court cannot grant mandamus relief regarding petitioner's Application to Adjust Status, Work Authorization, and Refugee Travel Document since those benefits are contingent upon her being granted asylum. *See supra* Part III.

V. **<u>Conclusion</u>**

 Accordingly, for the foregoing reasons, respondents' motion for summary judgment to dismiss the petitioner's complaint is **GRANTED**.

 An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini  
**William J. Martini, U.S.D.J.**
