

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

January 13, 2006

Aslan T. Soobzokov
1029 Main Street
PO Box 885
Patterson, New Jersey  07533
*Attorney for Petitioner*

Peter G. O'Malley
Office of the United States Attorney
970 Broad Street
Suite 700
Newark, New Jersey 07102
*Attorney for Respondent*s

> Re:   Barushi  v. Gonzalez et al.,
>         Civil Action No. 05-2719 (WJM)

Dear Counsel:

This matter comes before the Court on Petitioner Lendina Barushi's ("Petitioner") motion for reconsideration of this Court's November 22, 2005 Letter Opinion and Order granting Respondents' motion for summary judgment.  For the following reasons, Petitioner's request is **DENIED**.

**I.   Background**

Familiarity with the facts of this matter is presumed.  *See Barushi v. Gonzales*, No. 05-2719, slip op. (D.N.J. Sep. 22, 2005).  On September 22, 2005, this Court granted Respondents' motion for summary judgment, thereby dismissing Petitioner's request that the United States

1

Citizen and Immigration Services ("CIS") process her Refugee/Asylee Relative Petition (I-730), along with her applications to adjust status (I-485), work authorization (I-765), and for a refugee travel document (I-131).  *See id.*  Petitioner now asks the Court to reconsider its holding.  In particular, Petitioner argues that the Court erred in its prior ruling by: (1) improperly granting summary judgment when material issues of fact exist; (2) improperly characterizing the matter as involving a denial of an application for asylum instead of a denial of a derivative asylum application; and (3) incorrectly denying Petitioner's request for a writ of mandamus.  We will consider these issues in turn.

## II.     Standard of Review on a Motion for Reconsideration

Relief by way of a motion for reconsideration is "an extraordinary remedy" that is to be granted "very sparingly."  *See NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996); *Maldonado v. Lucca*, 636 F. Supp. 621, 630 (D.N.J. 1986).  Local Rule 7.1(i), which governs motions for reconsideration, does not contemplate a recapitulation of arguments considered by the Court before rendering its decision.  *See Bermingham v. Sony Corp. of Am., Inc.*, 820 F. Supp. 834, 856 (D.N.J. 1992), *aff'd*, 37 F.3d 1485 (3d Cir. 1994); *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 709 (D.N.J. 1989).  Rather, the rule permits a reconsideration only when "dispositive factual matters or controlling decisions of law" were presented to the court but were overlooked.  *See Resorts Int'l v. Great Bay Hotel and Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992); *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995).  Under Local Rule 7.1(i), the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [court] has overlooked." D.N.J. Civ. R. 7.1(i).  A motion under Local Rule 7.1(i) may be granted if: (1) "an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice."  *Database Am.*, 825 F. Supp. at 1220; *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir 1995).

## III.    Petitioner's Motion for Reconsideration of this Court's Determination that the Matter is Ripe for Summary Judgment Must be Denied

In her motion for reconsideration, Petitioner argues that this Court incorrectly ruled that no substantial issue of material fact existed and that this matter was ripe for summary judgment.  *See Barushi*, slip op. at 2-3.  Petitioner contends that summary judgment was inappropriate because material issues of fact existed regarding the following: (1) whether Petitioner was married to the principal applicant when he received asylum; (2) whether the purported marriage entered into by the Petitioner was valid under the laws of the United States and the State of New Jersey; and (3) whether due deference was given to the purported marriage which, Petitioner contends, would establish whether the Respondents' determination was arbitrary, capricious and in accordance with the law.

In our prior decision in this matter, the Court held that Respondents' denial of Petitioner's Refugee/Asylee Relative Petition (I-730), along with her various other applications, was not arbitrary, capricious or an abuse of discretion, and that Respondents' factual determinations underlying the denial of those applications was based on substantial evidence. *See Barushi,* slip. op. at 2. In reaching this conclusion, the Court reviewed documents outside the Respondents' motion to dismiss, thereby transforming the motion into one for summary judgement under Fed. R. Civ. P. 56(b). *See* Fed. R. Civ. P. 12(b).[1] After reviewing this evidence, the Court held that no material issue of fact existed regarding the lack of any evidence actually setting forth the date on which Plaintiff and her putative husband were married. Based on this lack of actual evidence, we held that Respondents' denial of Petitioner's Refugee/Asylee Relative Petition was not arbitrary, capricious, or an abuse of discretion.

This holding was correct, and will not be disturbed on Petitioner's motion for reconsideration. An applicant for derivative asylum status must demonstrate that the marriage relationship existed at the time the principal alien's asylum application was approved. 8 C.F.R. § 208.21(b). The burden of proving the marriage relationship is on the principal alien. 8 C.F.R. § 208.21(f). As stated in the Code of Federal Regulations, evidence must be submitted that establishes that the prior marriage was not entered into for the purpose of evading immigration laws, and such evidence must cover the period of the prior marriage. *Id.* (citing 8 C.F.R. § 204.2(a)(1)(i)(B)). Such documents can include documentation showing joint ownership of property, a lease showing joint tenancy of a common residence, documentation showing commingling of financial resources, birth certificates of children born to the petitioner and prior spouse, and an affidavit meeting specific statutory requirements. *See* 8 C.F.R. § 204.2(a)(1)(i)(B)(1)-(6). The documentation must also include a "certificate of marriage issued by civil authorities." 8 C.F.R. § 204.2(a)(2).

Upon reviewing the documents submitted by Petitioner – mainly a "certificate of marriage" dated one month after Petitioner's putative husband received asylum – we held that the CIS did not act arbitrarily, capriciously, nor did it abuse its discretion, in denying Petitioner's various applications. This holding will not be disturbed. The Petitioner failed to submit documents covering the period of the marriage, and did not provide any other documents that sufficiently established that Petitioner was in fact married to her putative husband at the time he obtained asylum. Based on the lack of such evidence, the Respondents' decision to deny

---

[1] We note that the Court could have viewed these documents even on a motion to dismiss. *See DiFelice v. Aetna U.S. Healthcare*, 346 F.3d 442, 444 (3d Cir. 2003) ("In relying on a motion to dismiss, [the Court] may consider an extrinsic document that is 'integral' to the complaint.") (citing *In re Burlington Coat Factor Sec. Litig.*, 114 F.3d 1410, 1436 (3d Cir. 1997); *see also Blanchard Secs. Co. v. Rahway Valley R.R. Co.*, 2004 U.S. Dist. LEXIS 25647, at *12 (D.N.J. Dec. 22, 2004) ("'A trial judge has the discretion to consider evidence outside the complaint in ruling on a motion to dismiss'"..."The critical inquiry is 'whether the claims in the complaint are 'based' on an extrinsic document....'") (citing *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992); *In re Burlington*, 114 F.3d at 1426)).

Petitioner the aforementioned documents was not arbitrary, capricious, or an abuse of discretion. Accordingly, Petitioner's motion for reconsideration of our decision to grant summary judgment is denied.

### IV.     Petitioner's Motion for Reconsideration of this Court's Denial of Petitioner's Refugee/Asylee Petition (I-730) is Also Denied

Petitioner also argues that this Court erred in holding that Respondents' denial of Petitioner's Refugee/Asylee Petition (I-730) was not arbitrary, capricious, or an abuse of discretion, and was based on substantial evidence. Petitioner contends that this Court erred by incorrectly characterizing the matter as involving a denial of "Petitioner's application for asylum," instead of a denial of her putative husband's derivative asylum claim. *See Barushi*, slip. op. at 2 (D.N.J. Sep. 22, 2005). Although the Court could have been clearer in its phraseology regarding this matter, the Court's use of the phrase "Petitioner's application for asylum" does not constitute an error warranting reconsideration of our prior order.

As made clear in the remainder of our Letter Opinion, the Court was certainly aware that it was Petitioner's putative husband's derivative asylum claim that was at issue, not any asylum claim by herself. *See id.* The Letter Opinion contains numerous references to the Court's understanding on this matter. For example, the next sentence of the Letter Opinion states that "It was the burden of petitioner's husband to prove that a marriage between him and petitioner existed at the time he received asylum." *Id.* The Letter Opinion then proceeds to discuss materials submitted by Petitioner's husband to support his derivative asylum claim. These statements clearly show that the Court was viewing the issue at hand as involving Petitioner's putative husband's derivative asylum claim, and not any application for asylum made by Petitioner. As Respondents' correctly point-out, the Court's characterization of the matter was merely shorthand, and did not contribute in any way to our holding. Accordingly, Plaintiff's motion for reconsideration of this issue is also denied.

### V.     Petitioner's Motion for Reconsideration of this Court's Denial of a Writ of Mandamus is Also Denied.

Lastly, Petitioner asks this Court to reconsider its decision denying her request for a writ of mandamus compelling the CIS to process her various applications. Besides being incorrect in her argument, *see Huli v. Way*, 393 F. Supp. 2d 266, 269-71 (S.D.N.Y. 2005) (holding that federal courts do not have mandamus jurisdiction over the decision to grant derivative asylum status), Petitioner fails to provide any controlling case law or any dispositive fact overlooked by the Court in rendering its decision. Plaintiff, instead, merely voices her disagreement with the Court's decision and long-standing precedent. This type of argument is better "dealt with in the normal appellate process, not on a motion for [reconsideration]." *Florham Park Chevron, Inc. v. Chevron U.S.A., Inc.*, 680 F. Supp. 159, 162 (D.N.J. 1988). Accordingly, Petitioner's motion for reconsideration of this Court's denial of a writ of mandamus is also denied.

**VI.     Conclusion**

       For the foregoing reasons, Petitioner's motion for reconsideration is **DENIED**.  An appropriate Order accompanies this Letter Opinion.

                                            s/ William J. Martini
                                            **William J. Martini, U.S.D.J.**